## McCARTHER v. PLEASANT BETHANY BAPTIST CHURCH OF ELGIN.

### No. 9585.

Court of Civil Appeals of Texas. Austin.

July 31, 1946.

Rehearing Denied Aug. 2, 1946.

Smith & Pollard, W. R. Smith, Jr., and Harry S. Pollard, all of Austin, for appellant.

E. T. Simmang, Jr., of Giddings, for appellee.

McCLENDON, Chief Justice.

Appeal from an interlocutory order overruling a motion to dissolve a temporary injunction. The suit was brought May 22, 1946, on behalf of the church by five parties styling themselves deacons of the church, against H. V. McCarther, its then "presiding preacher." The verified petition alleged that: defendant "without any authority vested in him, has taken possession of the books, records and minutes of the church * * * has caused changes in the membership records of the church * * * to suit his personal ends, and without any authority to do so having been given to him * * * refused the examination of the books, records and minutes * * * by plaintiffs and many of the members of the church * * *

refused to allow an election of officers in the church and he has interfered with all attempts made by members of the church to hold an election * * * without authority * * * struck from the * * * records such of the members as he saw fit as did not suit his fancy * * * refused membership to three returned veterans * * * without reason, cause or justification * * * ignored and still ignores the petition of approximately 80 per cent of the members * * * that he be recalled." The church has ten deacons, five of whom wish his discharge and the other five are either noncommittal or want his retention; under which circumstances a vote of the members of the church controls. During the past year he has made threats against many of the members, stating that if any of them showed any opposition to him, he would strike them from the church rolls. On April 23, 1946, he refused to allow a moderation of the church's affairs. Plaintiffs are entitled to the books and records and use of the church property in order to hold an election to select a new pastor and church officers, to have such election in a peaceful and orderly manner, without interference by defendant; and to immediate possession of all church property in the event defendant is recalled and dismissed at such election. There is no adequate remedy at law available to prevent defendant from interfering with holding an election or withholding the church records.

The prayer was for a temporary injunction, to be made perpetual upon final hearing: restraining defendant (1) from interfering with holding an election of a new pastor and church officers; (2) from withholding the church records or property for the purpose of such election; or for other purpose after the election; and (3) from changing the record or membership rolls.

The application for temporary injunction was set down for hearing June 10th, and defendant notified. Defendant filed sworn answer on June 10th, consisting of a general denial; a special denial, alleging that plaintiffs were not deacons or even members of the church and had no authority to maintain the suit. June 13th a hearing upon evidence was had, at which both

parties appeared; and on June 18th a temporary injunction was granted in substantial agreement with the prayer of the petition. Injunction bond was filed and approved the same day, and temporary injunction issued accordingly. No appeal was taken from this order.

June 24th defendant filed verified motion to dissolve the temporary injunction upon four counts, alleging:

1. That the suit was for injunction only and was not one as to which injunctive relief was incident or ancillary.

2. That the temporary injunction deprived defendant of his lawful right to use of the church records and property, thereby changing the status quo of the subject matter of the suit.

3. That plaintiffs' petition did not show any ground for emergency relief.

4. That plaintiffs had no property rights in the subject matter of the suit and that the courts have no jurisdiction to interfere in the affairs of the church.

July 9th verified plea of intervention was filed by 71 parties, alleging that they were all members of the church, whose total membership was 112; that intervenors were a majority of such membership; that on June 24th, at a special meeting of the church, a board of nine deacons was elected, and the defendant was recalled as pastor of the church; that defendant since January 1, 1945, has interfered with intervenors' peaceful and rightful use of the church. They also allege violation by defendant of the temporary injunction, in respects not pertinent to our present inquiry. July 18th plaintiffs filed a formal motion, asking that the motion to dissolve be overruled. There was no denial by defendant of the factual allegations of the petition of intervention. July 18th the motion to dissolve was overruled, the order reciting appearance by all parties and "hearing of defendant's motion and the argument of counsel for both plaintiffs and defendant."

Appellant has filed a motion in this court to suspend the temporary injunction pending hearing upon this appeal. Upon the hearing of this motion it was agreed that the appeal be also submitted upon its merits, upon the record, the briefs of appellant and the oral argument. Appellant's brief urges three points in support of his motion, as follows:

The temporary injunction should be stayed pending appeal:

1. Because it destroys rather than preserves the status quo of the parties.

2. In order to protect the jurisdiction of this court and to prevent this suit from becoming moot.

3. In order to prevent a multiplicity of suits.

We will consider the second point, then the third, and finally the first.

■ The second point is clearly without merit. There is no more basis for asserting that a further continuance of the temporary injunction would render the case moot, than for an assertion that the case has already become moot. If the latter were true nothing would now be left to litigate, and the only proper disposition of the suit would be to dismiss it entirely. Such disposition of the suit would leave the parties where they now are, would settle nothing, and leave the controversy undisposed of. That there is still a controversy is not denied; and that it will still exist after this appeal is disposed of, regardless of what judgment is rendered on the appeal, is manifest, unless in the meantime the controversy is adjudicated upon its merits.

■ The third point is predicated upon the assertion that if the temporary injunction is not stayed or dissolved, appellant will be required to bring a new suit to assert his rights. This proposition is equally untenable. All of appellant's rights in the premises are involved in the present suit, and he has as much right to assert them there as he would in a separate suit. In fact a separate suit would not be authorized as long as the present suit is pending.

■ The first point is predicated upon the assertion that the status quo, which alone it is the province of a temporary injunction to preserve, was the possession of the pastorate and the books and property of the church, by the appellant. We are

not prepared to accept this version under the record showing in this case. The status quo made by the verified petition was that the possession of appellant was under the rules and regulations of the church which gave to its members the rights alleged in the petition as above outlined. It was alleged that these rights were unlawfully invaded, and that appellant was usurping powers he did not have, and was using the possession, the right to which was thus limited, for his own unlawful purposes. Appellant's answer did not controvert any of these facts except to deny that the parties bringing the suit were not deacons or members of the church and were not authorized to bring the suit. Independently, however, of appellant's failure otherwise than stated to deny the allegations of the petition, all its allegations must be taken as true in support of the order appealed from, since there was a hearing upon the application for temporary injunction at which both parties were represented and no statement of the facts adduced at such hearing is brought up to this court. We believe the allegations of the petition are sufficient to support the temporary injunction, and that the trial judge did not abuse his discretion in granting it.

We are further of the view, and so hold, that the trial judge did not abuse his discretion in overruling the motion to dissolve the temporary injunction, both for the foregoing reasons and for those following. The motion to dissolve did not present any fact issues but asserted only questions of law arising upon appellee's pleadings. Before the hearing upon the motion the verified plea of intervention was filed, the allegations of which were not controverted. These allegations showed that subsequently to the temporary injunction order, a meeting of the church membership was held, which was perfectly regular in every respect and authorized by the rules governing the church, at which appellant was ousted as pastor, thus terminating his connection with the church and whatever rights he might otherwise have in the subject matter of the suit. It is not entirely clear whether any evidence was offered upon the hearing of the motion to dissolve.

But whether so or not the allegations of the plea in intervention must be taken as true in support of the order appealed from in the absence of a statement of facts or a showing that appellant was denied the right to offer evidence at the hearing on his motion. We think clearly under these circumstances there was no abuse of the trial judge's discretion in overruling the motion to dissolve the temporary injunction. We are of course not passing upon the merits of the case; and our judgment on this appeal does not adjudicate any right appellant may assert in a trial upon the merits.

The order appealed from is affirmed.